## WHITING v. SEYFRIT.

### No. 10792.

United States Court of Appeals
Seventh Circuit.

May 5, 1953.

E. S. Whiting, pro se.

Latham Castle, Atty. Gen., and William C. Wines, Asst. Atty. Gen., of Ill. for appellee.

Before DUFFY, FINNEGAN and LINDLEY, Circuit Judges.

DUFFY, Circuit Judge.

Plaintiff, appearing pro se, brought this action under the federal Civil Rights Act, 8 U.S.C.A. §§ 43, 47, against defendant Seyfrit as Director of Public Safety of the State of Illinois, and defendants Reischl and Long as Assistant Superintendent and

Superintendent, respectively, Division of Supervision of Parolees of the State of Illinois, seeking damages in the sum of $30,000.

Plaintiff alleges that after serving 4 years and 8 months of a one to 10 year sentence imposed upon him by a judge of a circuit court in Illinois, he was released on parole in April, 1944; that thereafter he was declared a parole violator, and a warrant of arrest was issued by the parole authorities on January 30, 1945; that he was confined at the Cuyahoga County, Ohio, jail from June, 1948, to May, 1949, to the knowledge of defendants, but that the Illinois authorities made no demand that he be returned to their custody; that on May 3, 1949, plaintiff was delivered to the custody of the Warden of Leavenworth Penitentiary under a sentence imposed by the United States District Court for the Northern District of Ohio on March 25, 1949.

Plaintiff alleges that the State of Illinois had prior legal jurisdiction over him, but failed to assert it, and therefore has waived same, but that nonetheless the Illinois parole authorities filed a detainer with the warden of the federal prison where he is now confined. Plaintiff asserts that under prevailing federal prison practices the filing of the detainer "constitutes a highly prejudiced fact extremely detrimental to him, in that it has heretofore caused him injury, and is now causing him injury, and will bring further and more severe punitive measures against him."

Plaintiff apparently demanded by correspondence that the Illinois parole authorities withdraw the detainer, which was refused, and he charges that their refusal to do so is a result of an unlawful conspiracy, and that he has been and is being deprived of his rights without due process of law.

Defendants moved to dismiss the complaint, the second ground of said motion being, "The complaint fails to state a cause of action under the Constitution or laws of the United States." We shall construe this as a motion under Rule 12(b) (6), Federal Rules of Civil Procedure, 28 U.S.C.A., to dismiss for "failure of the pleading to state a claim upon which relief can be granted". The district court granted the motion to dismiss and plaintiff prosecutes this appeal in forma pauperis.

Plaintiff apparently is a layman. We shall construe the complaint as broadly as possible to ascertain if, under any construction of the language used, a claim is stated upon which relief can be granted.

Although plaintiff makes a general allegation that he has been damaged as a result of a conspiracy by the defendants, it clearly appears from the complaint taken as a whole, as well as the arguments made in his brief, that he is endeavoring to state a claim under the Civil Rights Act. Section 47 of the Act covers, "Conspiracy to interfere with civil rights." Plaintiff's theory is that when the Illinois parole authorities, after his arrest in Ohio, failed to demand that he be returned to Illinois, which he says they had the right to do because of prior jurisdiction, they waived any right to have him returned there later, even after the completion of his federal sentence. He urges, therefore, that the filing of the detainer works an injustice upon him and causes him damage.

Plaintiff accepted a parole and thereby assented to the terms upon which the parole was granted. Illinois law is applicable. The failure of Illinois parole authorities to act affirmatively to gain custody of plaintiff after he was apprehended in Ohio does not give rise to a cause of of action or a claim under the Civil Rights Act. The Illinois parole authorities are not personally liable for damages because federal prison authorities, in administering intra-mural prison discipline and regulations, take into account an unexecuted warrant charging plaintiff with a violation of parole. See: United States ex rel. Meiner v. Ragen, 7 Cir., 199 F.2d 798; United States ex rel. Jackson v. Ragen, 7 Cir., 150 F.2d 190; Davis v. Dowd, 7 Cir., 119 F.2d 338. We repeat what we said in Kelly v. Dowd, 7 Cir., 140 F.2d 81, 82, "The jurisdiction to interfere with the proceedings of state governmental bodies charged with the prosecution and punishment of offenders is an exceedingly deli-

cate one to be exercised with the greatest of care and nicest sense of propriety."

The district court was correct in dismissing the complaint without leave to amend, since it appeared to a certainty that plaintiff would not be entitled to any relief under any state of facts which could be proved in support of his claims.

Affirmed.