Ira B. HOLMES, Appellant,

v.

Honorable A. S. HENDERSON, Presiding Judge, Eighth Judicial District Court of Nevada, Dept. II, Appellee.

No. 15403.

United States Court of Appeals Ninth Circuit.

July 2, 1957.

Ira B. Holmes, San Mateo, Cal., for appellant.

Hawkins & Cannon, Howard W. Cannon, Las Vegas, Nev., for appellee.

Before ORR, FEE and CHAMBERS, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

Appellant Holmes filed an action in the United States District Court for the District of Nevada against Honorable A. S. Henderson, who is alleged in all matters of which complaint is made to have been acting in his official capacity as District Judge of the Eighth Judicial District Court of the State of Nevada in and for the County of Clark. The burden of the complaint is that Henderson, as Judge, acted "without jurisdiction" in Case No. 54817 in the state court, title of which is set out above. Holmes claims, in the federal suit, to have been thereby damaged.

The federal action is grounded upon 42 U.S.C.A. § 1983, which reads:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

There are allegations also in the second amended complaint that Holmes commenced, in the state court above designated, an action for divorce, No. 54817, against Irene S. Holmes, that, when no counterclaim was filed, his attorney, at

his direction, requested and the County Clerk placed of record an order for dismissal. He then alleges he discharged his attorney. However, some months later, according to the allegations, Irene Holmes moved, in action No. 54817, to set aside this order of dismissal. The attorney of record for Holmes was notified and appeared in court and attempted to withdraw as attorney. Holmes alleges that he was not served with notice and had no knowledge of the further proceedings until much later. It is shown that thereafter the state court allowed the attorney to withdraw. It is then set up that a cross-complaint was filed, a trial was had, divorce was granted to the wife and considerable property awarded to her by the decree, which was entered by Judge Henderson. As a result of this action, Holmes was required to go through voluntary bankruptcy, and was thereby damaged. Although there is an allegation that a plaintiff has a right to a voluntary dismissal where there is no answer praying affirmative relief, it is nowhere alleged that the proceedings were contrary to the law of the State of Nevada. Holmes v. Eighth Judicial District Court, 71 Nev. 307, 289 P.2d 414.

 Undoubtedly, defendant was acting as a judge of a court of general jurisdiction upon a subject matter over which he was given authority to act by state law. The proceeding in which he exercised the power to act was initiated by voluntary act of Holmes.

The United States District Court dismissed the second amended complaint without leave to amend, on the ground that the pleading did not and could not by amendment state a claim upon which relief could be granted. The holding was final and was correct. Out of the mists of ancient times looms the bastion of judicial immunity from civil liability erected by the framers of the common law. It has always been held that a judge of a court of general jurisdiction could not be held liable in a civil forum for acts done in the exercise of the judicial function. Yates v. Lansing, 5 Johns., N.Y., 282; Bradley v. Fisher, 13 Wall. 335, 80 U.S.

335, 20 L.Ed. 646; Francis v. Crafts, 1 Cir., 203 F.2d 809, certiorari denied 346 U.S. 835, 74 S.Ct. 43, 98 L.Ed. 357; Kenney v. Fox, 6 Cir., 232 F.2d 288; Tate v. Arnold, 8 Cir., 223 F.2d 782. It cannot be held that Congress intended to destroy this structure without expressly declaring that intention. It is even possible there was no jurisdiction in the United States District Court. See Tenney v. Brandhove, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019. We do not consider this point. The order dismissing the second amended complaint without leave to amend is affirmed.

Affirmed.