**Paul V. BYRNE, Jr., Plaintiff-Appellant,**

v.

**John KYSAR, Alfred L. Fein, Stanley J. Imbiorski, Francis E. Schlax and Charles I. Barish, Defendants-Appellees.**

No. 14911.

United States Court of Appeals
Seventh Circuit.

June 22, 1965.

Joseph Keig, Sr., Chicago, Ill., for plaintiff-appellant.

Daniel P. Ward, State's Atty., Donald J. Veverka, Asst. State's Atty., William T. Kirby, Thomas D. Allen, Chicago, Ill., for defendants-appellees, Edward J. Hiadis, Chief of Civil Division, of counsel.

Before CASTLE and KILEY, Circuit Judges, and GRANT, District Judge.

CASTLE, Circuit Judge.

Plaintiff-Appellant, Paul V. Byrne, Jr., prosecutes this appeal from an order of the District Court denying his motion for leave to file an amended complaint. Plaintiff's original complaint sought recovery of damages against the several defendants allegedly resulting from plaintiff's confinement in a mental hospital. The claim was predicated on 42 U.S.C.A. § 1983, a provision of the federal Civil Rights Act.[1] The original complaint and exhibits attached thereto disclose that plaintiff's confinement as a mentally ill person was made under the provisions of the Illinois Mental Health Code (Ill.Rev. Stat. 1961, ch. 91½, par. 1–1 et seq.). The complaint neither alleged that at the pertinent times involved plaintiff was not a mentally ill person nor in what respect the conduct of the individual defendant was improper but referred to the commitment proceeding in the State court as "mock proceedings" and stated that each defendant acted with purpose and intent to deprive plaintiff of his constitutional civil rights. The court granted the defendants' motions to dismiss grounded on the failure of the complaint to state a claim on which relief can be granted, and dismissed the action. Plaintiff did not appeal from the judgment order dismissing the action but some three weeks later presented a motion for leave to amend the complaint as shown in a tendered amendment. Insofar as here pertinent the proposed amendment contained an allegation

---

1. 42 U.S.C.A. § 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

that plaintiff "never had suffered from any mental illness and has never been in need of mental care or treatment", and sought to add an additional count predicating recovery on 42 U.S.C.A. § 1985. The District Court denied plaintiff's motion for leave to amend and this appeal followed.

It is evident from the allegations made by the plaintiff and the exhibits attached to the complaint that the defendant Dr. John Kysar is the physician whose certification furnished the medical witness requirement (Ill.Rev.Stat. 1961, ch. 91½, par. 5–1) for the execution of a petition by "any reputable citizen" to initiate the judicial inquiry into plaintiff's mental condition. The petition was signed by defendant Charles I. Barish, an assistant state's attorney. Drs. Alfred J. Fein and Stanley J. Imbiorski are alleged to have been the members of the medical commission appointed by the county court to examine the plaintiff and who in their report to the court recommended that he be committed to a mental hospital. The defendant Francis E. Schlax is alleged to be an officer of the courts of Illinois by virtue of his license to practice law. He appeared in the proceeding as representing the plaintiff's wife.

■ In examining the plaintiff, diagnosing his condition, and certifying thereto, Dr. Kysar acted in his capacity of private physician, although in the employ of an instrumentality of the City of Chicago, and not under color of law within the meaning of § 1983. Duzynski v. Nosal, 7 Cir., 324 F.2d 924, 929–930. Drs. Fein and Imbiorski as members of the court-appointed statutory commission share the court's judicial immunity, and in the performance of their quasi-judicial function are not subject to suit under the sections of the statute here involved. Duzynski v. Nosal, supra, p. 928–929; Bartlett v. Weimer, 7 Cir., 268 F.2d 860. Defendant Schlax's participation in the proceeding as a private lawyer did not make him a state functionary acting under color of law within the meaning of

the Federal Civil Rights Act. Skolnick v. Martin, 7 Cir., 317 F.2d 855, 857. And defendant Barish's execution of the petition was not an act done under "color of law" within the meaning of § 1983; and the fact that he added his official title to his signature is of no import. Although he was an assistant state's attorney, he acted not in his official position but as a private citizen in signing the petition. Duzynski v. Nosal, supra, p. 930, of 324 F.2d. Moreover, if it be considered that Barish acted in his official capacity as a prosecutor for the state he is afforded the same protection given a judge. Stift v. Lynch, 7 Cir., 267 F.2d 237, 239; Smith v. Dougherty, 7 Cir., 286 F.2d 777; Cawley v. Warren, 7 Cir., 216 F.2d 74, 76.

■ We have considered the argument advanced by plaintiff that the legislative history of the original federal civil right legislation indicates that the doctrine of judicial immunity was not to be applicable in actions brought under such statutes but find such contention to be unpersuasive. When the selected portions of the debates relied upon by plaintiff are considered against the background and context of the entire legislative history they fail to support the conclusion plaintiff would draw. On the basis of this Court's decisions in the Duzynski and Bartlett cases, supra, and in harmony with Ryan v. Scoggin, 10 Cir., 245 F.2d 54, and Holmes v. Henderson, 9 Cir., 249 F.2d 529, we conclude that there is nothing in the legislative history of the enactment which abrogates or impairs the traditional common law doctrine of judicial immunity.

■ Nowhere in Count II of plaintiff's proposed amended complaint, which count purports to be based on 42 U.S.C.A. § 1985, is anything alleged which indicates that any of the defendants conspired or acted in concert. Count II fails to make allegations requisite to state a claim under § 1985 based on conspiracy to deprive plaintiff of equal protection of the law or of equal privileges and immunities of the law.

We perceive no error in the District Court's refusal to grant leave to file the proposed amended complaint. Cf. Whiting v. Seyfrit, 7 Cir., 203 F.2d 773, 775. The order appealed from is affirmed.

Affirmed.