Martha M. DIEU, Plaintiff-Appellant,

v.

Ralph P. NORTON, Wendell W. Wright, Robert F. Cotton, Marie M. Tellschow, Gerald Block and S. S. Kresge Co., Defendants-Appellees.

No. 17198.

United States Court of Appeals Seventh Circuit.

May 28, 1969.

Martha M. Dieu, in pro. per.

John P. O'Rourke, Danville, Ill., for defendants-appellees Hon. Robert F. Cotton, Marie M. Tellschow and Gerald Block.

Ralph P. Norton, pro se.

Wendell W. Wright, William A. Young, Wright & Young, Danville, Ill., for defendants-appellees Wendell W. Wright and S. S. Kresge Co.

Before CASTLE, Chief Judge, HASTINGS, Senior Circuit Judge and CAMPBELL, District Judge.

HASTINGS, Senior Circuit Judge.

This is an appeal from an order and judgment dismissing an amended complaint. It was entered by the United States District Court for the Eastern District of Illinois, Honorable William G. Juergens, Chief Judge presiding. The following statement is required to place this litigation in proper perspective.

Martha M. Dieu, of Danville, Illinois, brought an action for damages for personal injuries allegedly suffered in a fall in the K–Mart store in Danville on July 25, 1964. Named as defendant therein was S. S. Kresge Co., doing business as K–Mart. The action was filed in the Circuit Court of the Fifth Judicial Circuit, Vermillion County, Illinois.

In the state court proceeding plaintiff was represented by her privately employed attorney Ralph P. Norton. Defendant Kresge was represented by its attorney Wendell W. Wright. The case was tried to a jury. Honorable Robert F. Cotton, circuit judge, presided. Marie M. Tellschow, official court reporter, acted in her official capacity, and Gerald Block, clerk of the circuit court acted in his official capacity, during such proceedings.

At the close of plaintiff's case, defendant filed its motion for a directed verdict and asked that the jury be instructed to return a verdict for defendant. The trial court denied such motion. The trial was resumed and defendant put in its case.

At the conclusion of all the evidence, defendant again moved for a directed verdict in its favor. The motion was granted, the jury was so instructed in writing and returned its verdict favorable to defendant. Judgment for defendant was entered thereon. A post-trial motion was filed on behalf of plaintiff and after argument was denied. No appeal was taken. Plaintiff, acting *pro se*, unsuccessfully sought to obtain, on her own terms, a transcript of the state court proceedings from the court reporter and circuit court clerk.

Thereafter, Martha M. Dieu brought the instant action in the federal district court for what may be denominated as an alleged violation of her civil rights pursuant to 42 U.S.C.A. §§ 1981–1988, although not mentioned as such in her complaint. She filed this action *pro se* and continues to act as her own attorney.

Named as defendants herein are the following persons who acted in their respective capacities in the state court proceeding, viz: Ralph P. Norton, plaintiff's attorney; Wendell W. Wright, attorney for defendant Kresge; Robert F. Cotton, circuit judge; Marie M. Tells-

chow, court reporter; and Gerald R. Block, court clerk. By an amended complaint, S. S. Kresge Co., defendant in the state court action, was named as an additional defendant.

As best we can understand, the theory of plaintiff's *pro se* complaint is that her alleged present injury arises from the action of the state circuit judge in directing a verdict for defendant at the conclusion of all the evidence. She charges her attorney with engaging in some sort of a conspiracy by participating in a conference in the judge's chambers on the motion for a directed verdict, and by refusing to appeal the case, even though she agreed to pay for an appeal. She charges Kresge's attorney with obstructing justice in moving for and securing a directed verdict. She charges the circuit judge with misconduct in sustaining the motion for a directed verdict, denying a "rehearing" and presumably of conspiring with lawyers in his chambers. She charges the court reporter with depriving her of a transcript of the trial and the clerk with denying her a transcript of the record. She insists that the Kresge Co. is responsible for her injuries and demands that we award her a judgment for $50,000.

The district court sustained the several motions of defendants to dismiss the amended complaint for failure to state a claim upon which relief could be granted. Plaintiff appealed from this dismissal.

There is no showing or claim of diversity of citizenship. It would appear all parties are citizens of Illinois. Absent diversity, the district court properly tested the complaint for a showing of federal jurisdiction under the Civil Rights Act, *supra*. It found none and neither do we.

Defendants Norton and Wright were lawyers who participated in the trial of private state court litigation. We have repeatedly held that lawyers so engaged were not acting under color of state law within the meaning of the Civil Rights Act. Meier v. State Farm Mutual Automobile Insurance Co., 7 Cir., 356 F.2d 504 (1966), cert. denied, 385 U.S. 875, 87 S.Ct. 151, 17 L.Ed.2d 102, and cases there cited.

Defendants Circuit Judge Cotton, court reporter Tellschow and circuit court clerk Block were all acting in the discharge of their official responsibilities. As such they were protected by the traditional doctrine of judicial immunity, and this rule of law was not abolished by § 1983, *supra*. Pierson v. Ray, 386 U.S. 547, 553–555, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); Bauers v. Heisel, 3 Cir., 361 F.2d 581, 586–588 (1966), cert. denied, 386 U.S. 1021, 87 S.Ct. 1367, 18 L.Ed.2d 457;[1] Byrne v. Kysar, 7 Cir., 347 F.2d 734, 736 (1965), cert. denied, 383 U.S. 913, 86 S.Ct. 902, 15 L.Ed.2d 668; Rhodes v. Meyer, 8 Cir., 334 F.2d 709, 718 (1964); Peckham v. Scanlon, 7 Cir., 241 F.2d 761, 763 (1957).

Assuming, arguendo, that plaintiff is attempting to allege an actionable conspiracy within the reach of § 1983, *supra*, the complaint must fall. At best, the complaint does nothing more "than merely state vague and conclusionary allegations respecting the existence of a conspiracy" without showing any "overt acts which defendants engaged in which were reasonably related to the promotion of the claimed conspiracy." Powell v. Workmen's Compensation Bd. of State of New York, 2 Cir., 327 F.2d 131, 137 (1964). See Davis v. Foreman, 7 Cir., 251 F.2d 421, 422 (1958), cert. denied, 356 U.S. 974, 78 S.Ct. 1137, 2 L.Ed.2d 1148.

Finally, it becomes apparent that the district court had no jurisdiction to render a money judgment against S. S. Kresge Co., an added defendant in the amended complaint below. Further, we have no jurisdiction to award plaintiff a judgment of $50,000

1. For a comprehensive compilation of judicial immunity holdings, see 361 F.2d at 586–587.

against Kresge on this appeal, as she would have us do.

In light of the foregoing, we hold that the district court properly dismissed the amended complaint and the judgment order appealed from is affirmed.

Affirmed.