**Richard V. WEISE and Jennie Hays Weise, Plaintiffs,**

v.

**Ensworth REISNER, Margaret H. Krohn and Ruth I. Stanley, Defendants.**

No. 69–C–413.

United States District Court, E. D. Wisconsin.

Oct. 9, 1970.

Theodore S. Fins, Milwaukee, Wis., for plaintiffs.

Giffin, Simarski, Goodrich & Brennan, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendants have moved to dismiss the complaint in this action in which it is alleged that the defendants, in petitioning a Milwaukee county court for an examination into the plaintiffs' mental condition, conspired to deprive the plaintiffs of certain of their constitutional rights. The plaintiffs seek both money damages and a declaration that the statute under which the defendants' petition was made, Chapter 51, Wis.Stats. (1967), is unconstitutional as applied to them. The court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4), 2201 and 2202, and 42 U.S.C. §§ 1983 and 1985.

Central to the plaintiffs' alleged cause of action is the contention that the defendants' petition was made with "malicious intent so as to deprive Plaintiffs of their statutory and constitutional guaranties and Civil Rights"—a petition that allegedly resulted in the detention of the plaintiffs in the Milwaukee county mental health center for somewhat over two weeks. For this reason, the plaintiffs argue, the defendants are liable under 42 U.S.C. §§ 1983 and 1985.

Generally speaking, § 1983 protects constitutional rights from invasion by persons acting under state or federal authority, and § 1985 applies to a conspiracy of private persons when the object of the conspiracy is deprivation of the equal protection of the laws.

In their motion to dismiss, the defendants argue that this court lacks jurisdiction over them, and that the complaint fails to state a cause of action. However, after an examination of the pleadings, I am of the opinion that there is a basis for jurisdiction under Rule 12 (b) (2), Federal Rules of Civil Procedure. See Crawford v. Lydick, 179 F. Supp. 211, 213 (W.D.Mich.1959), aff'd 280 F.2d 426 (6th Cir. 1960), cert. denied 364 U.S. 849, 81 S.Ct. 93, 5 L.Ed.2d 72 (1960).

The defendants' other ground for dismissal is that the complaint fails to state a cause of action. The plaintiffs assert that the defendants are liable under both 42 U.S.C. §§ 1983 and 1985, and these sections will be discussed separately.

Section 1983 specifies that liability for deprivation of any constitutional right must result from action taken "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." Because the defendants' petition was made under authority of Chapter 51, Wis.Stats., the plaintiffs argue that the defendants thereby acted "under color of" state law. However, it has been noted often that private individuals acting pursuant to a state law are not acting "under color of" that law so as to result in the imposition of liability under § 1983.

I am aware that, as stated in Adickes v. S. H. Kress Co., 398 U.S. 144, 152, 90 S.Ct. 1598, 1605, 26 L.Ed.2d 142 (1970), a private individual "jointly engaged with state officials in the prohibited action" may be liable under § 1983. In addition, in Hoffman v. Halden, 268 F.2d

280, 298 (9th Cir. 1959), the court stated:

"The law is clear that when two or more persons conspire to violate the civil rights of an individual, acting under color of state law, if one or more of the conspirators is a state officer, then the mere fact that certain of the other conspirators are not state officers constitutes no defense to any of them under the Civil Rights statutes."

However, there is no allegation in the complaint at bar that the defendants were state officials or that, if a conspiracy was maintained, the defendants were so engaged other than as private individuals.

██ The portion of the complaint dealing with the alleged conspiracy states:

"12. The above-mentioned Court proceedings, testimony, petitions, affidavits, and verifications in support thereof by the Defendants was done by them willfully with a malicious and bad intent, and these Defendants, individually, committed acts or caused acts to be committed and in concert conspired amongst themselves, so as to deprive the Plaintiffs of their personal liberties, statutory and Federal Constitutional guaranties and Civil Rights * * *."

It is my opinion that liability cannot be imposed for acts done "under color of" state law absent a showing that the defendants were state officials or were "jointly engaged with state officials in the prohibited action."

Both Duzynski v. Nosal, 324 F.2d 924 (7th Cir. 1963), and Byrne v. Kysar, 347 F.2d 734 (7th Cir. 1965), cert. denied 383 U.S. 913, 86 S.Ct. 902, 15 L.Ed. 2d 668 (1966), arose under various provisions of the Illinois mental health code and lend support to this court's conclusion that § 1983 cannot be invoked in the present action to impose liability. In *Byrne*, the court stated at page 736:

"In examining the plaintiff, diagnosing his condition, and certifying thereto, Dr. Kysar acted in his capacity of private physician, although in the employ of an instrumentality of the City of Chicago, and not under color of law within the meaning of § 1983 * * * Defendant Schlax's participation in the proceeding as a private lawyer did not make him a state functionary acting under color of law within the meaning of the Federal Civil Rights Act. Skolnick v. Martin, 7 Cir., 317 F.2d 855, 857. And defendant Barish's execution of the petition was not an act done under 'color of law' within the meaning of § 1983; and the fact that he added his official title to his signature is of no import. Although he was an assistant state's attorney, he acted not in his official position but as a private citizen in signing the petition * * *."

See also Spampinato v. M. Breger & Co., 270 F.2d 46 (2d Cir. 1959), cert. denied 361 U.S. 944, 80 S.Ct. 409, 4 L.Ed.2d 363 (1960), rehearing denied 361 U.S. 973, 80 S.Ct. 597, 4 L.Ed.2d 553 (1960); Whittington v. Johnston, 201 F.2d 810, 811–812 (5th Cir. 1953), cert. denied 346 U.S. 867, 74 S.Ct. 103, 98 L.Ed. 377 (1953).

In their brief opposing the defendants' motion, the plaintiffs assert (at page 4) with reference to § 51.01, Wis. Stats.:

"This above referred to Statute denominates any 'adult resident of this State' as an agent of this State for a special and limited purpose * * *."

A careful examination of the Wisconsin statute fails to substantiate this assertion.

For the reasons stated above, the plaintiffs' allegation of liability under § 1983 must fall upon this motion to dismiss.

The issue of the defendants' liability under § 1985, however, requires a somewhat different analysis. In their brief in support of their motion to dismiss, the defendants argue that § 1985 "is leveled against state authorities, and not individuals." A number of cases have so construed Collins v. Hardyman, 341 U.S.

651, 71 S.Ct. 937, 95 L.Ed. 1253 (1951). For example, Griffin v. Breckenridge, 410 F.2d 817, 822 (5th Cir. 1969), interpreted *Collins* as holding "that § 1985 (3) reached only conspiracies under color of law." See also Hoffman v. Halden, 268 F.2d 280, 291 (9th Cir. 1959); Huey v. Barloga, 277 F.Supp. 864 (N.D. Ill.1967). However, the seventh circuit court of appeals in Miles v. Armstrong, 207 F.2d 284, 286 (7th Cir. 1953), has stated:

> "Though some courts have adhered to their conviction that Section 47(3) [now § 1985(3)] must * * * be limited to action by the state or acts performed under color of authority of the state, See Love v. Chandler, 8 Cir., 124 F.2d 785 and Moffet v. Commerce Trust Co., D.C., 75 F.Supp. 303, we think that the proper interpretation of this section is that a conspiracy of private persons to deprive a citizen of 'the equal protection of the laws, or of equal privileges and immunities under the laws' enacted under the United States Constitution is within the section, provided the conspirators commit an act in furtherance of the conspiracy whereby the citizen is injured in his person or property, irrespective of whether the conspirators proceed under color of authority of the state or otherwise. However, it would appear that to be valid the act must be held to apply only to deprivation of federal rights. If it be so construed as to include deprivation of purely state rights, it would not seem to be within the Constitution."

■ Thus, § 1985 runs only to a deprivation of the federal right to equal protection of the law or of equal privileges and immunities under the law. Collins v. Hardyman, 341 U.S. 651, 661, 71 S.Ct. 937, 95 L.Ed. 1253 (1951). In addition, there must be a purposeful intent to discriminate to result in such denial of equal protection of the laws. Snowden v. Hughes, 321 U.S. 1, 8, 64 S. Ct. 397, 88 L.Ed. 497 (1944); Cohen v. Norris, 300 F.2d 24, 27 (9th Cir. 1962);

Huey v. Barloga, 277 F.Supp. 864, 871 (N.D.Ill.1967).

■ The plaintiffs state in their brief that paragraph 12 of their complaint is concerned with "due process of the law." However, § 1985(3) is restricted in its scope to conspiracies resulting in deprivation of equal protection of the law and does not embrace denial of due process. Lewis v. Brautigam, 227 F.Supp. 124, 126 (5th Cir. 1955); Dunn v. Gazzola, 216 F.2d 709, 711 (1st Cir. 1954); Whittington v. Johnston, 201 F. 2d 810, 811 (5th Cir. 1953), cert. denied 346 U.S. 867, 74 S.Ct. 103, 98 L.Ed. 377 (1953).

In Campbell v. Glenwood Hills Hospital, Inc., 224 F.Supp. 27, 32 (D.Minn. 1963), the court stated:

> "It should be noted further that the alleged deprivation of equal protection of the laws, or of equal privileges and immunities under §§ 1983 and 1985 are not supported by sufficiently alleged material facts to show that the defendants (1) conspired or acted jointly or in concert, or (2) conspired with the purpose of *impeding* justice with the intent to deny plaintiff the equal protection of the law (1985(2)), or (3) conspired to *deprive* the plaintiff of the equal protection of the law or equal privileges and immunities under the law, (§§ 1983, 1985(3). These elements are essential to a cause of action for civil conspiracy under these sections."

■ I realize there are difficulties in stating a cause of action for conspiracy. However, in an action for civil conspiracy, it is not the conspiracy, as such, that constitutes the cause of action, but the overt acts that result from it. Thus, *any concomitant damage to the plaintiffs* stems from the acts done in furtherance of the conspiracy, not from the conspiracy itself. See Hoffman v. Halden, 268 F.2d 280, 295 (9th Cir. 1959).

There are a number of other recent decisions which have indicated that a civil rights complaint may be dismissed

when it contains only conclusory allegations. Thus, in Valley v. Maule, 297 F. Supp. 958 (D.Conn.1968), the court dismissed the complaint and stated at p. 960:

"* * * plaintiff must specify with 'at least some degree of particularity' the overt acts which defendants allegedly engaged in * * *."

In another civil rights case, Rodes v. Municipal Authority, 409 F.2d 16, 17 (3rd Cir. 1969), cert. denied 396 U.S. 861, 90 S.Ct. 133, 24 L.Ed.2d 114 (1969), rehearing denied 396 U.S. 950, 90 S.Ct. 377, 24 L.Ed.2d 256 (1969), the court said:

"A plaintiff is required to set forth alleged misconduct and resultant harms in a way which will permit an informed ruling whether the wrong complained of is of federal cognizance. Mere conclusionary allegations that unspecified constitutional rights have been infringed will not suffice."

In a previous decision of this district court, a civil rights damage action against one of several defendants was dismissed in Borchlewicz v. Partipilo, 44 F.R.D. 540, 542 (E.D.Wis.1968), the court saying:

"A civil rights complaint requires factual allegations, not conclusions or broad generalizations. Negrich v. Hohn, 379 F.2d 213 (3rd Cir. 1967); Birnbaum v. Trussell, 347 F.2d 86 (2d Cir. 1965)."

The same point of view was set forth in Bufalino v. Michigan Bell Telephone Company, 404 F.2d 1023 (6th Cir. 1968), cert. denied 394 U.S. 987, 89 S.Ct. 1468, 22 L.Ed.2d 763 (1969), wherein the court made the following statement at p. 1029:

"Jurisdiction is not conferred on a federal court in a non-diversity case by mere conclusory allegations that one's constitutional or civil rights had been violated."

■ The complaint in the present action alleges the circumstances of the conspiracy in excessively broad terms, but it fails chiefly in not providing enough facts from which it may be inferred that an overt act in furtherance of the conspiracy was effected. That is, the fact that the defendants acted pursuant to a state statute is not enough, by itself, to provide a sufficient showing of the kind of overt acts that could result in liability under § 1985(3). This, coupled with the absence of any allegation of a purposeful intent on the part of the defendants to discriminate against the plaintiffs, warrants the dismissal of this portion of the plaintiffs' complaint.

Therefore, it is ordered that the defendants' motion to dismiss the complaint be and hereby is granted.