**Johnny Ray SMITH, Plaintiff,**

v.

**E. Michael McCANN, District Attorney, Milwaukee, Wisconsin, Defendant.**

**No. 74–C–201.**

United States District Court, E. D. Wisconsin.

Aug. 21, 1974.

Johnny Ray Smith, pro se.

E. Michael McCann, Dist. Atty., by William Sosnay, Asst. Dist. Atty., Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This is the defendant's motion to dismiss this pro se complaint pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, or, in the alternative, a motion for a more definite statement pur-

suant to Rule 12(e), Federal Rules of Civil Procedure. The plaintiff's motion for a three-judge panel under 28 U.S.C. §§ 2281–2284 (1970) and for a temporary restraining order are also pending before the court. The defendant's motion to dismiss should be granted. It is therefore unnecessary to decide the merits of other pending motions.

The complaint alleges that the defendant district attorney, E. Michael McCann, has deprived the plaintiff of his sixth amendment right to a speedy trial. To redress this alleged deprivation, the plaintiff seeks relief pursuant to 42 U.S.C. §§ 1983–1985 (1970).

The complaint requests that Wis. Const. art. I, § 7 and Wis.Stat. §§ 939.74, 955.10 (1971) be declared unconstitutional. The plaintiff also asks the court (1) to enjoin his prosecution for armed robbery under warrant no. C–25156, issued September 18, 1969, (2) to declare that his sixth amendment right to a speedy trial has been violated and (3) to order withdrawal of a detainer from the plaintiff's prison files and the office of the Fulton County Sheriff.

The plaintiff seeks permission to amend the complaint to include a demand for monetary damages; the complaint for purposes of this motion will be construed as having requested such damages.

■ The issuance of the armed robbery warrant marked the beginning of the state prosecution against the plaintiff. Thus, insofar as the plaintiff requests declaratory and injunctive relief, his complaint falls squarely within the rules of Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971).

*Younger* and *Samuels* prohibit federal court interference with pending state prosecutions unless "the threat to the plaintiff's federally protected rights . . . cannot be eliminated by his defense against a single criminal prosecution." Younger v. Harris, *supra*, 401 U.S. 737, at 46, 91 S.Ct. at 751. *See*

*also* Samuels v. Mackell, *supra* at 73, 91 S.Ct. 764. I conclude that the harm alleged by the plaintiff fits the description of " 'that incidental to every criminal proceeding brought lawfully and in good faith.' " Younger v. Harris, *supra*, 401 U.S. at 49, 91 S.Ct. at 753, *quoting* Douglas v. City of Jeannette, 319 U.S. 157, 164, 63 S.Ct. 877, 87 L.Ed. 1324 (1943). Therefore, no valid claim for injunctive or declaratory relief has been stated.

■ The plaintiff's allegation of the defendant's bad faith presents no impediment to the application of *Younger* and *Samuels* for two reasons. First, the only factual assertion in support of that claim is the defendant's delay in completing prosecution. Second, the plaintiff alleges no facts which could support any conclusion other than that the defendant has acted consistently with Wis. Stat. §§ 939.74, 955.10 and Wis.Const. art. I, § 7. Indeed, the thrust of the plaintiff's complaint is that Wisconsin law permits the defendant to delay the completion of prosecution, thereby infringing the plaintiff's right to a speedy trial. In my opinion proof of mere delay without more, especially where that delay is consistent with challenged Wisconsin laws, would be insufficient to support the bad faith allegation.

It should also be noted that two of the alleged injuries might have been adequate under *Younger* to support the requested injunctive and declaratory relief had they been more than conclusory. Liberally construed, the plaintiff has alleged his continued confinement in maximum security and custody status, and that he has suffered continued parole denials. However, the plaintiff alleges no facts to support the proposition that the armed robbery warrant is the cause of these injuries.

■ Finally, to the extent that pecuniary damages are requested, the complaint fails to assert facts which negate the defendant's prosecutorial immunity. As previously stated, no factual allegations support a conclusion other than

that the defendant has complied with the Wisconsin laws which the plaintiff challenges as unconstitutional. The defendant's actions thus appear to be within the scope of the proper discharge of prosecutorial duties; by so acting, the defendant is cloaked with immunity from monetary liability. *E.g.,* Littlejohn v. Berbling, 468 F.2d 389, 410 (7th Cir. 1972), *vacated on other grounds sub nom.* Spomer v. Littlejohn, 414 U.S. 514, 94 S.Ct. 685, 38 L.Ed.2d 694 (1974).

I find that the plaintiff is not entitled to pecuniary, injunctive or declaratory relief. Therefore, the complaint fails to state a valid claim for relief; this action must be dismissed.

Therefore, it is ordered that the defendant's motion to dismiss be and hereby is granted, without prejudice.