Stephen KALEC, Petitioner-Appellant,

v.

Benjamin S. ADAMOWSKI, State's Attorney of Cook County, Illinois, Respondent-Appellee.

No. 16976.

United States Court of Appeals Seventh Circuit.

Jan. 10, 1969.

Stephen Kalec, pro se.

John J. Stamos, Chicago, Ill., Edward J. Hladis, Chief of Civil Division, Ronald Butler, Asst. State's Atty., of counsel, for appellee.

Before HASTINGS, SWYGERT and CUMMINGS, Circuit Judges.

PER CURIAM.

Stephen Kalec, *pro se*, by leave of court, proceeded *in forma pauperis* in the district court. He filed a complaint entitled "Civil Injunction Complaint Suit Ad Prosequendum Testificandum". Named as defendants were Benjamin S. Adamowski, then State's Attorney of Cook County, Illinois; plaintiff's former attorney, Edward J. Egan; Chief Justice Abraham L. Marovitz, then a Circuit Judge of Cook County, Illinois; and one Angela Stefaniak, a witness.

In substance, Kalec alleges that his present incarceration in the Illinois State Penitentiary is the product of an illegal conspiracy between the defendants resulting in the presentation of perjured testimony at his trial. He charges the violation of his "Civil Rights" and of his federal constitutional rights. He seeks the recovery of one million dollars from each defendant for "Punitive and Mental and Physical damages" and for an injunction restraining defendants from disposing of their assets pending trial of the action.

The district court, in a memorandum order, dismissed the complaint on the ground that plaintiff was in effect attempting to use a different civil action as a substitute for federal habeas, previously denied by another judge in that

district [1], in which Kalec sought release from his allegedly unconstitutional confinement resulting from the same alleged conspiracy.

We have fully reviewed the record in the instant proceeding and in the last prior proceeding before Judge Will.

It appears that plaintiff is incarcerated by virtue of a judgment imposed by the Circuit Court of Cook County in 1958, following a conviction by jury on a charge of murder. He is serving a sentence of life imprisonment. This was subsequently affirmed by the Supreme Court of Illinois. People v. Kalec, 22 Ill. 2d 505, 177 N.E.2d 134 (1961). On two occasions, the Supreme Court of the United States denied certiorari from this judgment.

Subsequently, the district court, with appropriate findings, denied six separate actions for relief filed by plaintiff, viz: habeas corpus on December 19, 1963, civil rights on November 30, 1965, habeas corpus on July 18, 1966 and again on December 29, 1966, all by Judge Will; civil rights on January 12, 1968 by Judge Napoli; habeas corpus January 30, 1968 by Judge Will; and the instant civil rights action on May 21, 1968 by Judge Napoli.

Initially, we are compelled to hold that the district court erred in treating plaintiff's complaint as a substitute for federal habeas and in dismissing the action on the *ground that plaintiff had not exhausted his state remedies.* See Gaito v. Strauss, 3 Cir., 368 F.2d 787 (1966).

■ As earlier pointed out, Kalec's complaint is solely a damage action, presumably brought pursuant to 42 U.S.C.A. § 1983 et seq., for the alleged deprivation of his federal constitutional rights. The only equitable relief requested was an injunction restraining the disposition of defendant's assets. Treated as such, the complaint was properly dismissed on

grounds other than stated by the district court.

■ The complaint clearly does not state a claim under the applicable statute. The complaint is an incoherent conglomeration of balderdash, i. e., a senseless jumble of words. Nowhere is anything alleged which indicates that the defendants conspired or acted in concert or did anything to deprive plaintiff of equal protection of the law or of equal privileges and immunities of the law. Under the most liberal rules of pleading, there is no way to read into this mish-mash any cognizable federal claim for damages. Byrne v. Kysar, 7 Cir., 347 F.2d 734, 736 (1965).

The failure to state a claim is sufficient ground on which to dispose of the action as to all defendants. However, additional observations may be pertinent.

■ It seems well settled that Chief Justice Marovitz (now a federal district judge) and the then State's Attorney Adamowski are entitled to immunity from claims for damages arising out of their judicial and quasi-judicial acts. Byrne v. Kysar, supra; Gaito v. Strauss, D.C.W.D.Pa., 249 F.Supp. 923, 930–931 (1966); Smith v. Dougherty, 7 Cir., 286 F.2d 777, 778 (1961); Stift v. Lynch, 7 Cir., 267 F.2d 237 (1959).

We do not deem it necessary to dig out the records of other prior proceedings instituted by Kalec, but some interesting questions might be raised. Plaintiff was convicted in 1958; the conviction was affirmed in 1961. It may be that the instant attempted civil damage action is barred by the applicable statute of limitations. Or, plaintiff has filed two prior federal civil rights actions and has been denied relief in both of them. We cannot now say what effect, if any, this might have on the present action.

This matter was submitted for decision on October 25, 1968 on the record and

---

1. In U. S. ex rel. Stephen Kalec v. Pate, Warden, et al., No. 68 C 152, on January 30, 1968, Judge Hubert L. Will denied Kalec's federal habeas petition on the ground that he had not exhausted his presently available state remedies by raising this claim in the state courts.

briefs, without oral argument, plaintiff proceeding on appeal, *pro se*. On consideration thereof, being duly advised in the premises, and having found herein that the complaint before us fails to state a claim upon which civil relief can be granted, the dismissal of the action below will be affirmed.

Affirmed.