Joseph MANIACI and Francis Maniaci, Plaintiffs,

v.

Robert W. WARREN, individually and as Attorney General of the State of Wisconsin, Peter Peshek, individually and as Assistant Attorney General of the State of Wisconsin, Herbert Krusche, individually and as Investigator, State Department of Justice, State of Wisconsin, and Walter A. Younk, individually and as Investigator, State Department of Justice, State of Wisconsin, Defendants.

No. 70–C–14.

United States District Court,
W. D. Wisconsin.

July 20, 1970.

Donald S. Eisenberg, Madison, Wis., for plaintiffs.

David J. Hanson, Asst. Atty. Gen., Madison, Wis., for defendants.

## OPINION AND ORDER

JAMES E. DOYLE, District Judge.

This action is brought by Joseph Maniaci, the president of a Wisconsin corporation (hereinafter referred to as the corporation) which owns and operates bars and restaurants, and Francis Maniaci, his wife, the vice-president of the corporation.

Plaintiffs seek damages allegedly resulting from defendants' concerted actions in (1) instituting, in the state courts, a civil action for injunction and forfeiture against the corporation for failure to carry workmen's compensation insurance; (2) obtaining, in that action, an order temporarily restraining the corporation from doing business without workmen's compensation insurance coverage, and an order to show cause why the corporation should not be permanently enjoined from continuing such action; and, (3) subsequently obtaining, in that same civil action, a second order to show cause why the corporation should not be held in contempt for failing to abide by the terms of the earlier temporary restraining order.[1]   Plaintiffs further allege that the "defendants conspired and confederated together by instituting [these] proceedings" and causing the previously mentioned order to be issued, and that the proceedings "were maliciously instituted  *   *   * without any semblance of right, and without any legal foundation, and in violation of the plaintiffs' rights as citizens, and for the purposes of annoyance, harassment, and otherwise perplexing the plaintiffs."

Federal jurisdiction was invoked under 28 U.S.C. § 1343(1) on the grounds that defendants have "conspire[d] *   *   * for the purpose of depriving *   *   * [the plaintiffs] of the equal protection of the laws, or of equal privileges and immunities under the laws   *   *   *" within the meaning of 42 U.S.C. § 1985(3); under 28 U.S.C. § 1343(3) on the grounds that defendants' acts constitute a "deprivation under color of   *   *   * state law   *   *   * of   *   *   * right[s], privilege[s], or immunit[ies] secured by the Constitution of the United States   *   *   *;" and under 28 U.S.C. § 1331 on the grounds that "the matter in controversy  .*   *   * arises under the Constitution   *   *   * of the United States."

Specifically, the asserted cause of action is claimed to arise under the Fifth,[2] Ninth, and Fourteenth Amendments to the Constitution of the United States.

Defendants have moved to dismiss for lack of jurisdiction over the subject matter and, alternatively, on the ground that the complaint fails to state a claim upon which relief can be granted.

A distinction must be drawn between the question of federal jurisdiction and the question of the sufficiency of the complaint to show a cause of action based upon rights, privileges, or immunities alleged to be secured by the United States Constitution.   Under the Supreme Court's analysis of federal jurisdiction in Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946), it would be error to dismiss this action for want of federal jurisdiction.

" *   *   * where the complaint, as here, is so drawn as to seek recovery directly under the Constitution *   *   * of the United States, the federal court, but for two possible exceptions later noted, must entertain the suit.

*       *       *       *       *       *

"The reason for this is that the court must assume jurisdiction to decide

---

1. All of these proceedings were terminated in favor of the plaintiffs in this action. Plaintiffs allege in their complaint here that the proceedings were instituted "without probable cause," and that plaintiffs had workmen's compensation insurance during the time in question.

2. The allegations with respect to the Fifth Amendment are immaterial in this action against officers of state, rather than federal, government.

856

whether the allegations state a cause of action on which the court can grant relief as well as to determine issues of fact arising in the controversy.

"Jurisdiction, therefore, is not defeated as respondents seem to contend, by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction.

\* \* \* \* \* \*

"The previously carved out exceptions are that a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." Bell v. Hood, 327 U.S. 678, 681–683, 66 S.Ct. 773, 776.

It appears from the complaint that plaintiffs claim a deprivation of rights secured to them by the Ninth and Fourteenth Amendments. Whether they are entitled to recover will depend upon an interpretation of the Civil Rights Acts and upon a determination of the scope of the Ninth and Fourteenth Amendments. As was said in Bell v. Hood, *supra* at 685, 66 S.Ct. at 777:

"Thus, the right of the petitioners to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if

they are given another. For this reason the district court has jurisdiction."

I hold that this court has jurisdiction over the subject matter.

■ Assuming that the constitutional rights of plaintiffs have been violated, they cannot then assert a federal cause of action for damages by relying solely on 28 U.S.C. § 1331 (general federal question jurisdiction). Congress has provided specific statutory authority for federal damage actions against state officials. But statutory authority is a prerequisite for a federal cause of action for damages, even though the wrong complained of is the violation of a constitutional right. This view has been adopted by all of the courts which have examined the question recently. See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 409 F. 2d 718, 720 (2d Cir. 1969); United States v. Faneca, 332 F.2d 872, 875 (5th Cir. 1964), cert. denied 380 U.S. 971, 85 S.Ct. 1327, 14 L.Ed.2d 268 (1965); Johnston v. Earle, 245 F.2d 793, 796–797 (9th Cir. 1957); Koch v. Zuieback, 194 F.Supp. 651, 656 (S.D.Cal.1961), aff'd 316 F.2d 1 (9th Cir. 1963); Garfield v. Palmieri, 193 F.Supp. 582, 586 (E.D.N. Y. 1960), aff'd per curiam, 290 F.2d 821 (2d Cir.), cert. denied 368 U.S. 827, 82 S.Ct. 46, 7 L.Ed.2d 30 (1961); Bell v. Hood, 71 F.Supp. 813 (S.D.Cal.1947). Therefore the complaint must state a claim under 42 U.S.C. § 1983 or 42 U.S. C. § 1985.

Defendants have urged that the plaintiffs' allegations are insufficient to support a cause of action under 42 U.S.C. § 1985. They contend that plaintiffs have merely made an unsupported allegation that defendants conspired to deprive them of their rights and that necessary highly specific factual averments are missing.

■ Despite broad language used in decisions concerning conclusory allegations, I do not believe that plaintiffs should be required to list the place and date of defendants' meetings and a sum-

mary of their conversations. A plaintiff pleading a conspiracy violation under § 1985 need not plead his evidence as to defendants' meetings, but may allege that "defendants conspired," provided he then enumerates overt acts in furtherance of the alleged conspiracy. Hoffman v. Halden, 268 F.2d 280, 294–295 (9th Cir. 1959). "This is because while in a criminal conspiracy, the conspiracy itself is the gist of the crime, in a civil conspiracy, the damage flows from the overt acts made in furtherance of the conspiracy." Peterson v. Stanczak, 48 F.R.D. 426, 428 (N.D. Ill. 1969). See also, Collins v. Hardyman, 341 U.S. 651, 659, 71 S.Ct. 937, 95 L.Ed. 1253 (1951) (dictum); Agnew v. City of Compton, 239 F.2d 226, 232 (9th Cir. 1957). Defendants have also and properly contended that the plaintiffs must allege a purposeful intent to discriminate. Snowden v. Hughes, 321 U.S. 1, 7–8, 64 S.Ct. 397, 88 L.Ed. 497 (1943). Paragraph 14 of the complaint does allege that the state civil proceedings "were maliciously instituted against the plaintiffs * * * for the purposes of annoyance, harassment, and otherwise perplexing the plaintiffs." And even if the required allegation were omitted from the complaint, the complaint as a whole reasonably implies an intentional discriminatory enforcement of the laws by the defendants. Huey v. Barloga, 277 F.Supp. 864, 871 (N.D.Ill.1967).

Defendants further urge that the United States Constitution does not protect a citizen from the burden of defending a civil action even when maliciously instituted with intent to harass and annoy. But since I hold that the defendants here are immune from suits for damages under 42 U.S.C. § 1983 and 42 U.S.C. § 1985, I do not reach the constitional questions.

■ Plaintiffs have alleged in their complaint that the acts of the defendants were done "without the scope of their authority." Whether or not this would suffice to remove any immunity the defendants might have, the truth of allegations in the complaint is not admitted by a motion to dismiss if they are in conflict with facts judicially known to the court. Interstate Natural Gas Co. v. Southern Cal. Gas Co., 209 F.2d 380 (9th Cir. 1953); Cohen v. United States, 129 F.2d 733 (8th Cir. 1942); Fletcher v. Jones, 70 App.D.C. 179, 105 F.2d 58 (1939). I take judicial notice of the facts that the action complained of was a civil action for forfeiture and injunction arising under § 102.28(4), Wis.Stats.; that the Attorney General of Wisconsin is required by § 101.24(2), Wis.Stats. to prosecute such action upon request of the Industrial Commission of Wisconsin; and that these actions were commenced at the request of the Commission.[3] I find that defendants Warren and Peshek were acting in a manner specifically authorized and required by state law and solely in connection with their quasi-judicial duties. I hold that defendants Warren and Peshek are immune from a suit for damages based on alleged misconduct while performing these quasi-judicial acts. Kalec v. Adamowski, 406 F.2d 536, 537 (7th Cir. 1969); Byrne v. Kysar, 347 F.2d 734, 736 (7th Cir. 1965).

■ Defendants Warren and Peshek would not lose their immunity by "conspiring" with other officials whose acts may not be quasi-judicial. An official performing quasi-judicial acts is immune regardless of his motives. See Kalec v. Adamowski, *supra*; Marlowe v. Coakley, 404 F.2d 70 (9th Cir. 1968); Eaton v. Bibb, 217 F.2d 446 (7th Cir. 1954); Cawley v. Warren, 216 F.2d 74 (7th Cir. 1954). Therefore a conspiratorial motive or intent cannot make him liable. Hoffman v. Halden, *supra*, 268

3. Although I take judicial notice of the proceedings in the Wisconsin court, I do not rely on the truth or falsity of any affidavits contained in the record of those proceedings. I merely note that that record includes a communication from the Industrial Commission to the Attorney General, requesting him to commence the action.

F.2d at 301. Nor can acts done by defendants Warren and Peshek, which come within the immunity principle be used as a basis for recovery of damages from defendants Krusche and Younk, alleged to have conspired with Warren and Peshek. *Id.*

The motion to dismiss for failure to state a claim upon which relief can be granted is hereby granted.