Joel **MANDELKORN**

v.

Theodore **PATRICK** et al.

**Civ. A. No. 2147–72.**

United States District Court,
District of Columbia.

May 8, 1973.

**693**

Ben Paul Noble, Washington, D. C., for plaintiff.

Hogan & Hartson, Washington, D. C., Paul Sheridan, Arlington, Va., Gus Efthimiou, Jr., Miami, Fla., Williams, Connolly & Califano, Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

AUBREY E. ROBINSON, Jr., District Judge.

This action for injunctive relief and damages involves an alleged conspiracy to deprive Plaintiff and the class he purports to represent of their privileges and immunities under the Constitution and laws of the United States, specifically their freedom of speech, religion, association and travel. The alleged conspiracy is claimed to be actionable under 42 U.S.C. §§ 1983 and 1985, with jurisdiction in this Court to hear such claims conferred by 28 U.S.C. § 1343(1–4). Pendent jurisdiction is asserted as to non-federal tort claims for, inter alia, assault and battery. Plaintiff is an adult [1] resident of the District of Colum-

---

1. Plaintiff's age is 22. There is thus no question as to his adult capacity for at least one year prior to October 26, 1972, the date of filing of the complaint herein. Specific dates are not listed for all of the events raised in the complaint, but

bia and an adherent of a religious sect known as "Children of God." Defendants are the parents of the Plaintiff, parents of other members of the Children of God, an unincorporated association known as Freecog (apparently an acronym for the Parents Committee to Free Our Sons and Daughters from the Children of God) and several individuals, including police officers in the District of Columbia and in Opa-Locka, Florida, who are alleged to have conspired to separate and "convert" plaintiff from his adherence to the Children of God. Presently before the Court are two Motions to Quash Service, by Defendants Mr. & Mrs. John Moody of Manhasset, New York, and by the defendants Nelson, Martino, and Ripa, all of Florida, and Motions to Dismiss for Failure to State a Claim by Defendant Nelson individually and by Defendant Nelson, Martino and Ripa (the Florida Defendants) collectively.[2]

## I. *Motions to Quash Service*

■ Service of process against all but one of the fourteen named Defendants in this case was made outside the territorial limits of the District of Columbia. Under Rule 4(f) of the Federal Rules of Civil Procedure service beyond the state in which the District Court is held is valid only when "authorized by a statute of the United States or by these rules . . ." Rule 4(e) authorizes extraterritorial service "(w)henever a statute or rule of court of the state in which the district court is held (so) provides . . ." Plaintiff here relies on

a statute of the District of Columbia, 13 D.C.Code § 423(a), the local "long-arm" statute, as authorizing extraterritorial service in this case. That statute provides, in relevant part:

(a) A District of Columbia Court may exercise personal jurisdiction over a person, *who acts directly or by an agent*, as to a claim for relief arising from the person's—

(1) transacting any business in the District of Columbia;

(2) . . .

(3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia; . . . (emphasis added)[3]

Both the Moody's and the Florida Defendants assert that they have had no direct contacts with the District of Columbia and thus no sufficient nexus, or "minimum contacts", with this forum such that they may properly be served outside this jurisdiction consistent with due process of law. International Shoe Co. v. Washington, 326 U.S. 310, 66 S. Ct. 154, 90 L.Ed. 95 (1945). It is true that the Complaint herein does not allege any direct contacts by these Defendants with the District of Columbia. What the Complaint does allege is a conspiracy, and overt acts in furtherance of that conspiracy, at least one of which overt acts is an alleged tort[4] in the District of Columbia by some of the Defendants acting as co-conspirators in furtherance of the conspiracy. Under Plaintiff's theory co-conspirators are agents of all their fellow conspirators

are adequately alleged to ascertain that at least some, if not all, of the events in question arose after Plaintiff's twenty-first birthday.

2. Seven of the named Defendants have filed an Answer, through counsel, reserving defenses as to jurisdiction, venue and service as permitted by Rule 12(h), Federal Rules of Civil Procedure. Defendand State of California apparently was not served. The last defendant, Officer Charles Goings of the Metropolitan (Washington) Police, appears at this point to be in default.

3. 13 D.C.Code § 423 authorizes the exercise of personal jurisdiction. 13 D.C. Code § 424 is the express authorization for extraterritorial service where the requirements for personal jurisdiction are met.

4. "Thereafter on or about September 8, 1972, Defendant Robert S. Mandelkorn with Defendant Goings and Defendant St. Clair assaulted, battered, and imprisoned Joel Mandelkorn and took him against his will and without his consent from the District of Columbia to Miami, Florida." Complaint, § 18(f).

when acting in furtherance of the conspiracy. Thus, Plaintiff contends, by their "agent" both the Moodys and the Florida Defendants have caused a tortious injury in the District of Columbia.

At this stage of the proceedings, the Court cannot say that Plaintiff's theory is without foundation, and will therefore deny the Motion to Quash based on these grounds. While the burden is on Plaintiff to prove his jurisdictional allegations when challenged, McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936), it is significant that neither the Moody's nor the Florida Defendants have thus far denied the allegations of conspiracy nor their alleged roles therein.[5] For present purposes the allegations will thus be taken as true.

The question of the validity of "long-arm" service to reach participants in an allegedly wide-ranging conspiracy has received surprisingly little judicial attention. Co-conspirators have long been held to an agency relationship when overt acts are done in furtherance of the conspiracy:

> If sufficient allegations appear of the acts of one defendant among the conspirators, causing damage to plaintiff, and the act of the particular defendant was done pursuant to the conspiracy, during its course, in furtherance of the objects of the conspiracy, with the requisite purpose and intent . . . then all defendants are liable for the acts of the particular defendant under the general principle of agency on which conspiracy is based.

Hoffman v. Halden, 268 F.2d 280, 295–296 (9th Cir. 1959) (footnote omitted.)[6]

In Maricopa County v. American Petrofina, Inc., 322 F.Supp. 467 (N.D. Cal.1971), the Court held that the Arizona "long-arm" rule reaching a person who "has caused an event to occur in this state out of which the claim . . . arose" was sufficient to reach an alleged co-conspirator who was a non-resident, had never done business in Arizona, and apparently performed no acts in Arizona. The Court treated the acts of conspiracy as taking place in California, with their effects in Arizona being sufficient contacts to justify exercise of in personam jurisdiction. The Court had no occasion, therefore, to consider an agency theory of conspiracy as to the acts in question. Under the District of Columbia "long-arm" provisions above quoted, both the act and the effect, or injury, must take place in the District.[7]

In Leasco Data Processing Equipment Corp. v. Maxwell, 319 F.Supp. 1256 (S. D.N.Y.1970), the Court dealt with a challenge to its in personam jurisdiction in a securities fraud case under Section 27 of the Securities Exchange Act of 1934. Long-arm jurisdiction over one defendant was premised on his role in the alleged fraudulent conspiracy. The Court found in personam jurisdiction lacking:

> . . . [M]ere allegations of conspiracy, and even the presence of one co-conspirator within the jurisdiction, do not give jurisdiction over all the alleged co-conspirators. . . . To meet due process requirements there must be a factual showing of a conspiracy and also of a connection between the acts of the conspirator who was present in the jurisdiction and

5. Although somewhat broad, the allegations of involvement are deemed adequate. "Pursuant to such conspiracy and in furtherance thereof the defendants . . . did or conspired to do each" of the overt acts alleged, including the alleged tort in the District of Columbia. Complaint, § 18. The allegations of the conspiracy per se are general in terms, but necessarily so. The overt acts alleged, however, are detailed with adequate particularity. See Hoffman v. Halden, 289 F.2d 280, 294–296 (9th Cir. 1959).

6. Overruled in part on other grounds, Cohen v. Norris, 300 F.2d 24 (9th Cir. 1962). See also El Mundo, Inc. v. Puerto Rico Newspaper Guild, Local 225, 346 F. Supp. 106, 114, n. 8 (D.P.R.1972).

7. Margoles v. Johns, 333 F.Supp. 942, (D. C.D.C.1971).

the conspirator who was absent. . . . As an analogy, to establish an agency relationship under the New York long-arm statute . . . there must be specific facts that show that the principal had requested the agent to perform purposeful acts in New York for the principal's benefit. 319 F.Supp. 1261–1262 (Citations omitted).

■ This Court concurs that the mere presence of one co-conspirator within the jurisdiction does not create jurisdiction over all alleged co-conspirators.[8] Under 13 D.C.Code § 423(a)(3), there must be, at the least, alleged acts by one co-conspirator within the jurisdiction in furtherance of the claimed conspiracy. There is a difficulty, however, in reconciling the language in *Leasco* as to the necessary factual showing of conspiracy with the language of Hoffman v. Holden, supra. *Leasco's* requirement of a "factual showing of a conspiracy" and also of an agency relationship runs squarely into the difficulties of pleading and proving conspiracy that were well analyzed in *Hoffman.* The pleading of a conspiracy by anything other than conclusory terms would necessarily involve questions of the state of mind of the alleged conspirators and agreements among them which by their nature would be inaccessible to Plaintiff. It would seem harsh, if not impossible, to require a factual showing as to that at the pleading stage. The approach of the Ninth Circuit in *Hoffman* seems to this Court the better view. As to the agency relationship, *Leasco* applied a strict standard requiring express agency based on analogy to a business agency.

That analogy seems inappropriate, however, for the constructive agency of conspiracy is fundamentally different from the refined standards of commercial agency. This Court will not require a specific factual showing of requested acts but will accept the *Hoffman* standard of adequacy where overt acts are specifically alleged, and here uncontroverted, as done pursuant to the conspiracy.

The cases presented by the parties support this result, though they are not of great help. In Magnaflux Corp. v. Foerster, 223 F.Supp. 552 (N.D.Ill.1963) the Court found, 223 F.Supp. at 563, that jurisdiction over an out-of-state corporate tort-feasor was proper where overt acts were committed by an agent in-state in furtherance of a tortious conspiracy. In Gypsy Pipeline Co. v. Ivanhoe Petroleum Corp., 256 F.Supp. 567 (D.Colo.1966) the Court refused to exert jurisdiction over an out-of-state defendant who had allegedly participated in a conspiracy against an in-state Plaintiff where no overt acts had taken place in-state. The present case is distinguishable from *Gypsy Pipeline* in that here both an overt act and the resulting injury are alleged to have occurred in the District of Columbia.

Assuming as true the unchallenged allegations of conspiracy and an overt act in the District of Columbia in furtherance of the conspiracy, this Court sees no injustice in requiring the New York and Florida Defendants to submit to suit here. While they personally had no direct contacts here, their involvement in an allegedly wide-ranging conspiracy which is said to have caused injury in

---

8. A separate line of cases deals with in personam jurisdiction under the Clayton Act, to the general effect that the transaction of business by one conspirator is insufficient contact with the jurisdiction to allow service on other alleged co-conspirators on an agency theory. Those cases are distinguishable here, even apart from their statutory framework, in that it was merely the business presence of one conspirator which was sought to be made the basis of jurisdiction over all rather than overt acts and consequences in the jurisdiction pursuant to the alleged conspiracy. Bankers Life & Casualty Co. v. Holand, 346 U.S. 379, 74 S.Ct. 145, 98 L.Ed. 106 (1953); Bertha Building Corp. v. National Theatres Corp., 248 F. 2d 833 (2d Cir. 1957); Independent Productions Corp. v. Loew's Incorporated, 148 F.Supp. 460 (S.D.N.Y.1957). Compare Giusti v. Pyrotechnic Industries, 156 F.2d 351 (9th Cir. 1946).

the District of Columbia is sufficient nexus to this jurisdiction to require them to answer here for their roles in the alleged course of events. It is emphasized, however, that the situation would be quite different on this point, if the allegations of the complaint were controverted or if the facts should develop otherwise than as alleged.

## II. *Motions to Dismiss*

■ Defendant Nelson asserts that Plaintiff has failed to state a claim as to him under 42 U.S.C. § 1983 because of failure to allege that Nelson acted under color of law. The law is clear, however, that a claim under § 1983 can be against even a private individual where it is alleged that the private individual engaged in a conspiracy which also involved officials acting under color of law. Adickes v. S. H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

■ Defendants Nelson, Martino and Ripa jointly move for dismissal of the complaint as to them for failure to state a claim upon which relief can be granted due to the absence of specific, factual allegations of misconduct by the said three defendants.

There are inherent difficulties in the pleading of a conspiracy, for by its very nature it involves agreements and questions of intent not accessible to the Plaintiff. What is accessible, and must be pled, are the overt acts alleged to have been taken in furtherance of the conspiracy. Plaintiff has specifically alleged that Defendants Nelson, Martino and Ripa interrogated Plaintiff for long periods of time as one overt act in furtherance of the conspiracy, and also that they, among others, caused Plaintiff "to be illegally confined in the Opa-Locka Police Station." Defendants Nelson, Martino and Ripa have not controverted these allegations here.[8a] Further, these defendants are included in the general allegation that all of the Defendants did or conspired to do each of the series of overt acts alleged in the Complaint as done in furtherance of the alleged conspiracy. The Complaint herein is certainly far from a model of specificity. It is near the outer limits of acceptable pleading, yet the Court deems it adequate here.

The real question is whether [the] . . . complaint, in addition to the general allegation [of conspiracy] . . ., sets forth with certainty facts showing particularly what a defendant or defendants did to carry the conspiracy into effect, whether such acts fit within the framework of the conspiracy alleged, and whether such acts, in the ordinary course of events, would proximately cause injury to the plaintiff.

Hoffman v. Halden, 268 F.2d 280, 295 (9th. Cir. 1959). A broad reading of the Complaint herein adequately meets the criteria spelled out in *Hoffman*.[9] Finally, the Complaint herein appears to parallel that expressly approved by the Court in Griffin v. Breckenridge, 403 U.S. 88, 102–103, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971).

Upon the above considerations, and upon consideration of the entire record herein, it is the 8th day of May, 1973,

Ordered that the Motion of Defendants Moody to Quash Service of Process be and hereby is denied, and it is

Further Ordered, that the Motion of Defendants Nelson, Martino and Ripa to Quash Service of Process be and hereby is denied and

---

8a. This failure to controvert the allegations of the Complaint is significant here, but does not, of course, preclude a later denial or raising of valid defenses by appropriate motion. See Gager v. "Bob Seidel", 112 U.S.App.D.C. 135, 300 F.2d 727 (1962).

9. See Powell v. Workmen's Compensation Board, 327 F.2d 131 (2d Cir. 1964); Hernandez v. Noel, 323 F.Supp. 779, 783 (D.Conn.1970); Maniaci v. Warren, 314 F.Supp. 853, 857 (W.D.Wisc.1970); Valley v. Maule, 297 F.Supp. 958 (D.Conn.1968); Friedman v. Younger, 46 F.R.D. 444 (C.D.Cal.1969).

698

Further Ordered, that the Motion of Defendant Nelson to Dismiss for Failure to State a Claim under 42 U.S.C. § 1983 be and hereby is denied, and it is

Further Ordered, that the Motion of Defendants Nelson, Martino and Ripa to Dismiss for Failure to State a Claim upon Which Relief Can be Granted be and hereby is denied.