AMERICAN ASSOCIATION OF
CRUISE PASSENGERS,
Plaintiff,

v.

CUNARD LINE, LTD., et al.,
Defendants.

Civ. A. No. 86-0571.

United States District Court,
District of Columbia.

Nov. 25, 1987.

Harry E. Jennings, Jr., Helsell, Fetterman, Martin, Todd & Hokanson, Seattle, Wash., Edward P. Henneberry, Howrey &

Simon, Washington, D.C., for defendant Holland America Line–Westours, Inc.

J. Michael Cavanaugh, Graham & James, Washington, D.C., Reed M. Williams, Williams Woolley Cogswell Nakazawa & Russell, Long Beach, Cal., for defendants P & O Inc. d/b/a Princess Oriental Steam Nav. Co., Ltd. d/b/a Princess Cruises, and Norwegian Caribbean Line A/S d/b/a Royal Viking Line.

Richard A. Whiting, David L. Roll, Mark D. Whitener, Steptoe & Johnson, Washington, D.C., Arnold B. Calmann, Crummy, Del Deo, Dolan, Griffinger & Vecchione, Newark, N.J., for defendant Carnival Cruise Lines, Inc.

Jeffrey A. Rosen, Jeffrey S. Davidson, Allen N. Dixon, III, Kirkland & Ellis, Washington, D.C., for defendant Cunard Line, Ltd.

Forrest A. Hainline, III, John R. Ferguson, Timothy A. Ngau, Swidler & Berlin, Washington, D.C., Sanford M. Litvack, John M. Friedman, Jr., Dewey, Ballantine, Bushby, Palmer & Wood, Washington, D.C., for defendant Royal Caribbean Cruise Line, Inc.

James P. Mercurio, Arent, Fox, Kintner, Plotkin & Kahn, Washington, D.C., for defendant Sitmar Cruises, Inc.

Michael Joseph, Dyer, Ellis, Joseph & Mills, Washington, D.C., Glenn G. Kolk, Miami, Fla., for defendant Ocean Cruise Lines, Inc.

Edward Schmeltzer, Edward J. Sheppard, Deana Frances Dudley, Schmeltzer, Aptaker & Sheppard, Washington, D.C., for defendant Cruise Lines Intern. Ass'n.

Burton A. Schwalb, Paul L. Colby, Schwalb, Donnenfeld, Bray & Silbert, Washington, D.C., for defendant Mariott Corp. d/b/a Sun Line Cruises.

Harold E. Kohn, Joseph C. Kohn, Steven A. Asher, Denis F. Sheils, Kohn, Savett, Klein & Graf, P.C., Philadelphia, Pa., Paul C. Warnke, John G. Calendar, Alexander Papachristou, Clifford & Warnke, Washington, D.C., for plaintiff American Ass'n of Cruise Passengers.

## MEMORANDUM ORDER

**NORMA HOLLOWAY JOHNSON,** District Judge.

H. Juergen Krenzien has filed a motion for reconsideration of an Order, entered on July 21, 1987, or, in the alternative, for certification for interlocutory appeal. That Order concluded that defendant was subject to the jurisdiction of this court and that venue is proper. In his motion for reconsideration, defendant again contends that personal jurisdiction is lacking, that the long-arm statute of the District of Columbia does not provide a basis for jurisdiction, and venue is not proper.

Plaintiff opposes the motion for reconsideration primarily on the grounds that defendant's persistent course of conduct in the District of Columbia, coupled with his activities directed against a resident of the District of Columbia, is sufficient to establish jurisdiction.

Krenzien, the sole individual defendant in this action, is clearly being sued in his individual capacity notwithstanding his description in the complaint as an "official representative of an ASTA member travel agency and a member of defendant ASTA's National Public Relations Committee." Complaint at para. 23.

Plaintiff argues that notwithstanding Krenzien's limited contact with the District of Columbia, his membership in ASTA, a District of Columbia trade association, and his role as a committee member and president of a regional chapter outside of the District of Columbia are sufficient to establish personal jurisdiction over Krenzien, pursuant to D.C.Code § 13–423. Upon reconsideration, the Court is convinced that the District of Columbia long-arm statute does not reach as far as plaintiff would have this court extend it. Krenzien's limited contacts with the District of Columbia, all of which were undertaken in a representational or official capacity, are not sufficient to confer jurisdiction over a defendant sued in his individual capacity. *See Aiken v. Lustine Chevrolet, Inc.,* 392 F.Supp. 883 (D.D.C.1975).

Plaintiff cites two sections of the long-arm statute under which it argues jurisdiction may be premised. The first is § 13–423(a)(1), which confers jurisdiction over one who transacts business in the District of Columbia. Membership in a trade association, however, is not the equivalent of "transacting business" within the meaning of the long-arm statute. *MCI Communications Corp.,* 1983–2 Trade Cas. (CCH) para. 65,652 at 69,349. Attendance at a trade association meeting, even by an officer of the trade association, likewise does not constitute "transacting business". *Philadelphia Housing Auth. v. American Radiator & Standard Sanitary Corp.,* 309 F.Supp. 1053 (E.D.Pa.1969) (applying District of Columbia law). No independent acts of Krenzien have been alleged by plaintiff which would demonstrate transacting business by Krenzien. Thus, D.C.Code § 13–423(a)(1) has not been met and cannot serve as the basis for jurisdiction over defendant.

The second section of the long-arm statute relied upon by plaintiff is § 13–423(a)(4), which, in relevant part, addresses one who caused a tortious injury in the District of Columbia by an act or omission outside the District of Columbia, coupled with a persistent course of conduct in the District of Columbia. Krenzien is alleged to be a part of a conspiracy that caused injury to AACP in the District of Columbia. The case relied on by plaintiff to support this theory, *Mandelkorn v. Patrick,* 359 F.Supp. 692 (D.D.C.1973), is distinguishable. The *Mandelkorn* decision was premised upon the fact that the nonresident defendants did not deny the allegations concerning their roles in the conspiracy. The court pointed out that, "the situation would be quite different on this point if the allegations of the Complaint were controverted...." *Id.,* at 697. Here, the alleged co-conspirators, whether or not residents of the District of Columbia, do contest their role in any conspiracy. Moreover, there have been no allegations of substantial acts by one of the co-conspirators within the jurisdiction in furtherance of the claimed conspiracy. *Id.* Plaintiff

has failed to establish jurisdiction on this basis as well.

Despite plaintiff's discovery efforts, the "extensive contacts" proffered by plaintiff which allegedly satisfy the District of Columbia long-arm statute, consist entirely of sporadic attendance at trade association meetings held in the District of Columbia and the communications between Krenzien, while in Illinois, and the national office of ASTA, then located in the District of Columbia. There is no indication in the record that these visits or communications were related in any way to plaintiff. The deposition testimony of Krenzien has shown only one phone call from Krenzien to an ASTA staff person relating to the plaintiff. In this conversation, Krenzien neither sought nor received advice from ASTA with respect to plaintiff. *See* Krenzien Deposition at 134–37. There is no support in the record for other assertions made by plaintiff with respect to Krenzien's advising ASTA officials in the District of Columbia of anti-competitive activities, or to support the assertion that Krenzien purposefully availed himself of the privilege of doing ASTA business in this forum.

Plaintiff has not identified a single contact between Krenzien, acting individually, and the District of Columbia. To require this defendant now to come before the court as an individual defendant, merely on the basis of the limited contacts with the District of Columbia Krenzien had as an official of ASTA, would " 'offend traditional notions of fair play and substantial justice' ". *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (citations omitted).

The Court concludes that plaintiff has not met its burden of establishing any basis for the exercise of personal jurisdiction over the defendant pursuant to the District of Columbia long-arm statute, D.C.Code § 13–423, *Reuber v. United States*, 750 F.2d 1039 (D.C.Cir.1984), or satisfied the minimum contacts requirement of the Due Process clause of the Constitution.

Accordingly, it is this 24th day of November, 1987,

ORDERED that the motion of defendant Krenzien for reconsideration be, and hereby is, granted; it is further

ORDERED that the renewed motion of defendant Krenzien to dismiss the first amended complaint of plaintiff be, and hereby is, granted; and it is further

ORDERED that the first amended complaint be, and hereby is, dismissed against defendant H. Juergen Krenzien.