**Armando R. DELGADO, Plaintiff,**

v.

**FEDERAL BUREAU OF PRISONS, et al., Defendants.**

**Civ. A. No. 88–3691.**

United States District Court, District of Columbia.

Dec. 18, 1989.

approved by two-thirds of both Houses but presentment to the President is not required. U.S. Const. art. IV.

Armando R. Delgado, pro se.

Madelyn E. Johnson, Asst. U.S. Atty., Washington, D.C., for defendants.

## ORDER

REVERCOMB, District Judge.

This matter is before the Court pursuant to Defendants' Motion to Dismiss, FED.R. CIV.P. 12(b)(1), (b)(2), (b)(3), (b)(5) and (b)(6), or for Summary Judgment. FED.R. CIV.P. 56.

### I. Statement of Facts

Plaintiff is a sentenced prisoner and a national of Cuba who is currently detained in the Federal Correctional Institution (FCI) in La Tuna, Texas. Defendant Bureau of Prisons (BOP) is an agency of the United States. Defendant Thomas R. Kindt is an employee of Defendant BOP who is presently assigned at the United States Penitentiary, Terre Haute, Indiana, but who previously was assigned as the Warden at the La Tuna FCI.

The BOP established two Cuban release centers in July 1988, of which the La Tuna FCI is one, to assist in the community placement of Cuban detainees who had been approved for parole by the Immigration and Naturalization Service (INS). Due to the uniqueness of their needs and in order to efficiently process INS related paperwork the BOP assigned these Cubans to a single unit of staff familiar with their needs, denominated Unit 10.

### II. Equal Protection and § 1985 Claims

Plaintiff filed this complaint against defendants alleging that they abridged his right to equal protection under the Fifth Amendment and conspired to deny him his rights in violation of 42 U.S.C. § 1985.[1]

---

1. In connection with Plaintiff's equal protection and § 1985 claims, Plaintiff seeks injunctive relief pursuant to the All Writs Act. 28 U.S.C. § 1651. Plaintiff is no longer assigned to Unit 10 and the injunctive relief he seeks is accordingly moot. *See Declaration of Onfre Fernandez* at 3.

This matter must be dismissed for lack of personal service of process against and personal jurisdiction over Defendant Kindt. This matter must be dismissed against both Defendants Kindt and BOP for failure to state a claim upon which relief can be granted.

### A. Lack of Personal Service Against and Personal Jurisdiction Over Defendant Kindt

Service of process against a federal employee who is sued in his individual capacity must be pursuant to FED.R.CIV.P. 4(d)(1). See Lawrence v. Acree, 79 F.R.D. 669, 670 (D.D.C.1978), aff'd, 665 F.2d 1319 (D.C.Cir.1981); Navy, Marshall & Gordon v. United States International Development-Corporation Agency, 557 F.Supp. 484, 489 (D.D.C.1983). Rule 4(d)(1) provides that service upon an individual, other than an infant or incompetent person, shall be made

> by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

■ In the instant case, although the United States Attorney's Office was properly served pursuant to FED.R.CIV.P. 4(d)(4), such service "does not obviate the requirement of personal service under Fed. R.Civ.P. 4(d)(1) where the action is in substance against a federal official in his individual capacity." Lawrence, 79 F.R.D. at 670. Accordingly, in the absence of service of process, this action cannot proceed against Defendant Kindt.

■ This Court also does not have jurisdiction over Defendant Kindt where Plaintiff's § 1985 complaint seeks relief against the personal resources of him in his individual capacity. Defendant Kindt was not personally served within the District of Co-

lumbia, is not a resident of the District of Columbia, and is not within the District of Columbia long-arm statute which provides, in relevant part, that the Court:

> may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's—
>
> (1) transacting any business in the District of Columbia;
>
> *　*　*　*　*　*
>
> (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
>
> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;

D.C.Code § 13–423 (1989 Repl.). See generally Reuber v. United States, 750 F.2d 1039, 1049 (D.C.Cir.1984).

Based on the principles of agency law, under the long-arm statute this Court can exercise personal jurisdiction over out-of-state defendants who have no direct contacts with the District of Columbia if the plaintiff alleges that an overt act in furtherance of the conspiracy was committed in the District of Columbia by any member of the conspiracy and the resulting injury to the plaintiff occurred in the District of Columbia. See Mandelkorn v. Patrick, 359 F.Supp. 692 (D.D.C.1973). As stated in Hoffman v. Halden, 268 F.2d 280 (9th Cir. 1959), overruled in part on other grounds, Cohen v. Norris, 300 F.2d 24 (9th Cir.1962):

> If sufficient allegations appear of the acts of one defendant among the conspirators, causing damage to plaintiff, and the act of the particular defendant was done pursuant to the conspiracy, during its course, in furtherance of the objects

Plaintiff has a pending petition for writ of habeas corpus in the United States District Court for the Western District of Texas based on the same underlying facts that give rise to the § 1985 claim in this matter. See Delgado v. Kindt, No. EP–88–CA–484.

of the conspiracy, with the requisite purpose and intent ... then all defendants are liable for the acts of the particular defendant under the general principle of agency on which conspiracy is based. *Id.* at 295–96.

■ In the instant case, the Plaintiff has alleged the existence of a conspiracy between Defendants Kindt and BOP, which has its principal administrative office in Washington, D.C., and Plaintiff further alleges that an overt act in furtherance of the conspiracy occurred in Washington, D.C. Specifically, Plaintiff alleges that the decision between Defendants Kindt and BOP to create Unit 10 was made in Washington, D.C.[2] However, this act is not a sufficient basis upon which this Court can exercise personal jurisdiction over Defendant Kindt because the purported injury to Plaintiff was his assignment to Unit 10 which occurred in Texas. "Under the District of Columbia 'long-arm' statute, both the act and the effect, or injury, must take place in the District." *Mandelkorn v. Patrick*, 359 F.Supp. at 695; *see also Margoles v. Johns*, 333 F.Supp. 942, 944 (D.D.C. 1971), *affirmed*, 483 F.2d 1212 (D.C.Cir. 1973). Accordingly, the action against Defendant Kindt must be dismissed for lack of personal jurisdiction.[3]

### B. *Failure to State a Claim*

■ FED.R.CIV.P. 8(a)(2) provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although a pro se litigant is entitled to some leeway when a court reviews the sufficiency of the allegations in his complaint to support a claim for relief, *Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C.1977), even a pro se complaint must outline all of the elements of the claim and "is subject to dismissal if the pleading fails reasonably to inform the adverse party of the asserted cause of action." *Id.*

The requirement that a pleading adequately establish the grounds for relief is especially compelling with respect to actions against federal employees in the exercise of their official duties because they are particularly vulnerable to reprisal lawsuits that arise out of their actions. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814, 102 S.Ct. 2727, 2736, 73 L.Ed.2d 396 (1982); *Butz v. Economou*, 438 U.S. 478, 507–08, 98 S.Ct. 2894, 2911–12, 57 L.Ed.2d 895 (1978). As the Court stated in *Harlow v. Fitzgerald*, "insubstantial lawsuits undermine the effectiveness of government as contemplated by our constitutional structure and 'firm application of the Federal Rules of Civil Procedure' is fully warranted in such cases." 457 U.S. at 819–20 n. 35, 102 S.Ct. at 2739 n. 35.

■ In the instant case the Plaintiff has alleged that in assigning Plaintiff to Unit 10 with the other Cuban inmates the Defendants have denied Plaintiff "the same privileges and protections offered non Cuban inmates assigned to other units" and accordingly violated the Fifth Amendment and § 1985. However, the Plaintiff provides no specific instance in which he has been denied a privilege or protection that is offered to other inmates within the prison. Unit 10 is simply an administrative classification for the processing of INS papers and Plaintiff does not contend that administrative assignment to Unit 10 has resulted in a physical segregation within the La Tuna FCI, the deprivation of living within and among the general prison population, the denial of the same recreational or educational opportunities afforded to others, or the imposition of any other different prison condition.

---

2. Plaintiff alleges that Defendant Kindt conspired with two other BOP officials, J. Michael Quinlan, Director of BOP, and J.D. Williams, Director of the South Central Region of the BOP, to violate Plaintiff's civil rights. Neither Mr. Quinlan nor Mr. Williams are named as defendants in this complaint.

3. In light of the disposition of this matter it is unnecessary to address Defendant Kindt's alternative motion for summary argument on the ground that qualified immunity precludes the instant suit against him. *See generally Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) (framework for qualified immunity analysis).

The mere fact that Plaintiff has been assigned to Unit 10 with the other Cuban inmates is hardly sufficient to state a claim under the Fifth Amendment and § 1985. The "equal protection clause does not require that all persons be treated identically" and prison classification procedures which are "reasonable, not arbitrary," and "rest on grounds having a fair and substantial relation to the object" of the classification are constitutional. *Hendking v. Smith,* 781 F.2d 850, 851 (11th Cir.1986). In the instant case the Plaintiff has made no showing why his assignment to Unit 10 solely for purposes of the processing of his INS paperwork was arbitrary.

Accordingly, the Plaintiff's complaint must be dismissed as to all Defendants for failure to state a claim upon which relief can be granted.

It is hereby

ORDERED that Defendants' Motion to Dismiss or For Summary Judgment be and the same hereby is GRANTED; and it is further

ORDERED that Plaintiff's complaint in this matter be and the same hereby is DISMISSED.